CATHERINE WALKER *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, April Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

While it is not necessarily negligent, as matter of law, for the conductor of a street railway company to permit ordinary hand-luggage to remain in the cross-aisles of an open trolley-car, yet an aggravated condition of overcrowding by passengers and luggage in a particular aisle, complaint of which had been made to the conductor without any attention from him, may justify a finding of negligence against the company, if a passenger in that aisle, in attempting to get out of the way of other passengers about to alight, is jostled about, stumbles, and falls over the luggage and out of the car.

Argued April 12th—decided June 1st, 1917.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to and tried by the Superior Court in New Haven County, *Case, J.;* facts found and judgment rendered for the plaintiff for $1,200, and appeal by the defendant. *No error.*

*Joseph F. Berry,* for the appellant (defendant).

*Francis P. Guilfoile,* with whom was *Frank P. McEvoy,* for the appellee (plaintiff).

PER CURIAM. This appeal questions only the sufficiency of the findings to support the judgment.

We do not hold that it is necessarily negligent for the defendant to permit ordinary hand-luggage to remain in the cross-aisles of an open trolley-car. The findings in this case show that the conductor was charged with special knowledge of a very aggravated condition of overcrowding by passengers and luggage in the particular cross-aisle in which the plaintiff sat, and that he paid no attention to her complaint about the suit case which prevented her feet from resting on the floor, and over which she afterward stumbled and fell. Because of this overcrowded condition of the cross-aisle the plaintiff was unable to let other passengers pass by who desired to alight, and in attempting to get out of their way was jostled and fell over the suit case out of the car.

The conductor ought, in the exercise of the high degree of care required of common carriers of passengers, to have known that the aggravated overcrowding of this cross-aisle created a condition dangerous to passengers who would have to use it in getting off the car, and to other passengers who by reason of such overcrowding might have to move out on to the running board to get out of their way. The negligence alleged was the overcrowding of the aisle by hand-luggage and passengers, and the jostling to which the plaintiff was subjected was a natural incident of the overcrowding.

There is no error.